Peter A. Leeming, SBN 119124
Law Offices of Peter A. Leeming
108 Locust Street, Suite 7
Santa Cruz, CA 95060

Telephone: (831) 425-8000
paleeming@sbcglobal.net

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 22CR00212 BLF |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| CHRISTIAN ACOSTA INIGUEZ, | May 30, 2023 |
| Defendant. | 9:00 AM |
| | Hon. Beth L. Freeman |

## I: INTRODUCTION

Defendant Christian Acosta Iniguez is appearing for sentencing for a drug transaction that never happened. Pursuant to U.S.S.G. §2D1.6 and § 2D1.1, the alleged amount of cocaine discussed in this matter yields a base offense level of 26 – a guideline sentence that potentially exceeds the statutory maximum for the charge. While Mr. Iniguez understands that an attempt to commit a criminal offense is punished just as if the crime was committed, he argues that the guidelines are of limited value in determining an appropriate and fair sentence. What if the alleged source had only been able to deliver a lesser quantity of cocaine? What if the material delivered was mixed with some cutting agent? What if the alleged source intended to rob the prospective purchaser? These variables stand in contrast to the typical controlled buy, where the amount and purity of a controlled substance can be proven.

Mr. Iniguez has no criminal history and committed this attempted offense while out of work. He also had a substantial cocaine addiction which clearly influenced him to attempt to arrange this deal. Under these circumstances, he submits that the appropriate sentence in this matter is a term of 24 months, to be served at a federal institution that offers him treatment for substance abuse.

Defendant's Sentencing Memorandum 22CR00212 BLF

## II: BACKGROUND

Mr. Acosta-Iniguez was charged by information with one count of Illegal Use of a Communication Facility in violation of 21 U.S.C. § 843(b). On January 10, 2023, Mr. Iniguez entered a plea of guilty to the charge.

The circumstances of the offense are accurately set forth in the PSR, ¶¶ 9-12. Briefly, Mr. Iniguez was intercepted on a wire attempting to set up a cocaine transaction. On July 30, 2020, Mr. Iniguez called Mr. De La Cruz who was the subject of the wiretap, and they discussed a potential transaction of five "stamps" meaning 3 to 4 kilograms of cocaine.

The next day, De La Cruz and the prospective buyer, Castanon, travelled to southern California where they met with Mr. Iniguez at a hotel in Downey. The parties waited for the alleged drugs to arrive, but the source never appeared. Castanon and De LA Cruz were stopped by the California Highway patrol while returning to Northern California, and officers seized $108,100 from their vehicle.

## III: GUIDELINE CALCULATIONS

Mr. Iniguez agrees with the guideline calculations set forth in the PSR beginning at ¶18. The base offense level for an offense involving at least 2 kilograms but less than 3.5 kilograms of cocaine is 26. U.S.S.G. § 2D1.6 and 2D1.1(a)(5).

The Application Note to § 2D1.6 provides that when the offense level for the underlying offense is to be determined by reference to 2D1.1, Application Note 5 should be consulted.

Application Note 5 states in pertinent part that 'In an offense involving an agreement to sell a controlled substance the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed, and the amount delivered more accurately reflects the scale of the offense. For example, the defendant agrees to sell 500 g of cocaine, the transaction is completed by the delivery of the controlled substance-actually 480 g of cocaine, and no further delivery is scheduled. In this example, the amount delivered more accurately reflects the scale of the offense." In other words, talk about drugs may be punished more severely than the actual delivery of a controlled substance.

Of course, the prospective buyers were searched, and over $100,000 was seized from their vehicle. And Mr. Iniguez admitted in his plea agreement that that amount was consistent with the purchase of 3 to 4 kg of cocaine at the time. Nevertheless, the cocaine never arrived, and it remains

unknown what if anything may actually have been delivered.

Fortunately for Mr. Iniguez, these guidelines are not binding on this court. 18 U.S.C. § 3553 factors in this matter tell us that a lower sentence is appropriate and just.

### IV: § 3553 FACTORS JUSTIFY A LOWER SENTENCE.

Both the government and probation acknowledge that Mr. Iniguez does not deserve the maximum sentence of four years even though it is in the guideline range. In the plea agreement between Mr. Iniguez and the government the parties agreed that the government would ask for a sentence no greater than 36 months. The probation officer is recommending 30 months in her sentencing recommendation.

Mr. Iniguez agrees with the §3553(a) factors articulated in the sentencing recommendation by the probation officer and in the PSR. Briefly, Mr. Iniguez does not have any past criminal convictions at all; he has survived various traumatic events; and he "lost everything" when he was laid off due to the Covid 19 pandemic.

Mr. Iniguez clearly suffers from addiction. His difficulty in controlling that addiction is evident from the court record, and his various positive drug tests which eventually resulted in him being remanded into custody. Undersigned counsel is hopeful that with participation and completion of an appropriate drug treatment program he will be able to continue with his life as a productive member of society.

For the above reasons, it is respectfully requested that this court sentenced Mr. Iniguez to no longer than 24 months in custody.

Respectfully Submitted,


Dated: May 23, 2023.                    By: _____
                                        Peter A. Leeming, attorney for
                                        Christian Acosta Iniguez